q

**NOT FOR PUBLICATION**

```
                              FILED

                          DEC - 8 2009
                                        KT
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ANTHONY MARTIN PAROLISE,
dba Parolise Chiropractic,

              Debtor.
_____/

Case No. 07-10503-A-13
DC No. IRS-1; DRJ-5; MNE-1

FINDINGS OF FACT AND
CONCLUSIONS OF LAW RE DEBTOR'S
MOTION TO CONFIRM THIRD
MODIFIED PLAN; THE TRUSTEE'S
MOTION TO DISMISS; AND THE
MOTION OF THE INTERNAL REVENUE
SERVICE TO DISMISS THE CASE

A hearing was held September 29, 2009, on the debtor's motion to confirm a third modified plan (DRJ-5); the motion of the chapter 13 trustee to dismiss the case (MNE-1; and the motion of the Internal Revenue Service ("IRS") to dismiss or convert the case (IRS-1). Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (L).

Background Facts.

    Anthony Parolise filed his chapter 13 case on February 26, 2007. On that same date, he filed a chapter 13 plan, which was confirmed by order entered April 17, 2007. He then moved to

1  modify the confirmed plan by filing a First Modified Chapter 13

2  Plan on January 2, 2008.   An order confirming the First Modified

3  Plan (the "Plan") as amended was entered April 21, 2008.

4      On September 21, 2009, the debtor filed a Third Modified

5  Plan.   Prior to that date, the trustee had moved to dismiss the

6  case based on the debtor's failure to make payments required

7  under the Plan.   Also, the IRS had moved to dismiss or convert

8  the case.   The motion of the IRS was based on the debtor's

9  failure to file all prepetition tax returns for taxable periods

10  ending the four year period preceding the date that the petition

11  was filed and for the debtor's failure timely to file

12  postpetition tax returns and pay taxes.   At the hearing on these

13  two motions to dismiss, the parties all agreed that it was

14  appropriate to advance the hearing on confirmation of debtor's

15  Third Modified Plan, previously set for October 29, 2009, to

16  September 29, 2009.   As agreed, the debtor filed his Corrected

17  Third Modified Chapter 13 Plan (the "Third Modified Plan") on

18  September 30, 2009.[1]   The IRS filed its objection to confirmation

19  of the Third Modified Plan on October 14, 2009.   All three

20  matters were deemed submitted as of October 116, 2009.

21      To summarize the procedural discussion, the chapter 13

22  trustee moved to dismiss the case based on the debtor's failure

23  to make payments, but filed a statement of non-opposition to

24  confirmation of the Third Modified Plan.   The IRS asks that the

25  case be dismissed or converted to chapter 7 and opposes

26  _____

27      [1]The Corrected Third Modified Plan altered the Third
   Modified Plan filed on September 21, 2009, to reflect the correct
28  amount of post-petition taxes owed.

2

1  confirmation of the Third Modified Plan.  The debtor asks that

2  the court confirm the Third Modified Plan as filed September 30,

3  2009.

4       The IRS has filed two proofs of claim.  Claim No. 7 states a

5  claim for prepetition taxes owed in the amount of $154,420.96.

6  Claim No. 7 was amended by Claim No. 19, which states that the

7  amount of the claim of the IRS as of the date the case was filed

8  was $137,031.19.  The IRS has not filed a proof of claim for its

9  postpetition taxes.  However, the IRS has filed a Declaration of

10  Insolvency Advisor describing that the debtor had failed to pay

11  postpetition taxes due and owing and had also failed to file tax

12  returns for federal unemployment taxes, federal income taxes, and

13  federal employment taxes.  The debtor acknowledges in the Third

14  Modified Plan at paragraph 7.02 that:

15       "The Debtor currently owes $81,793.99, to the Internal
         Revenue Service for various unpaid taxes that accrued after
16       the commencement of this case, and $9,677.53 to the
         Employment Development Department, also for various unpaid
17       taxes that accrued after the commencement of this case."

18       The parties acknowledge that the purpose of the Third

19  Modified Plan is to deal with the postpetition taxes due to the

20  IRS and the Employment Development Department.  In his

21  declaration in support of confirmation of the Third Modified

22  Plan, the debtor states:

23       "I am current in payment of my plan payments but I am not
         current in the payment of taxes that have accrued
24       postpetition and are due to the IRS and the EDD.  I need to
         reduce my plan payments to enable me to catch up with my
25       post-petition taxes . . . My income has not kept pace with
         original projections.  My modified plan will fund payment of
26       my priority claims and certain of my secured claims."

27       The Third Modified Plan provides at paragraph 7.02 that:

28       "The Debtor shall pay at least $1,140.00, to the IRS on or

3

before October 1, 2009.  Beginning on November 1, 2009, the Debtor shall pay at least $3,150.00, a month to the IRS and at least $382.00, a month to the Employment Development Department for application to these taxes.  These payments are calculated to coincide with the amount necessary to pay the taxes plus penalties and interest in full within the next 30 months.  So long as the Debtor remains current in the payment of these payments, the automatic sty herein shall remain in full force and effect as to the IRS and the Employment Development Department with respect to efforts by them to collect from the Debtor via levy or any similar device."

The objection of the IRS to confirmation of the Third Modified Plan is based on the debtor's failure to comply with § 1308(a) and § 1325(a)(9) and on the ground of feasibility. Section 1308 requires a debtor to have filed no later than the date of the first meeting of creditors, all prepetition tax returns for all taxable periods ending the four year period preceding the filing of the petition.  In this case, the debtor did not do that.  Section 1325(a)(9) requires that for a plan to be confirmed, the debtor has filed all applicable Federal, State and local tax returns as required by § 1308.

The IRS also argues that the plan is not feasible.  The IRS observes that the debtor has not been able to remain current with his ongoing tax obligations in the last two years and there is no reason to believe that he will be able to do so now.

Legal Analysis.

Bankruptcy Code § 1329 deals with modification of a plan after confirmation.  Section 1329(a) states, as relevant here,:

"At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to -
(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time for such payments;
(3) alter the amount of the distribution to a creditor

whose claim is provided for by the plan to the extent
necessary to take account of any payment of such claim
other than under the plan; . . . ."

Another relevant section is § 1305.  Section 1305 has to do
with the filing and allowance of postpetition claims.  Section
1305(a)(1) states that a proof of claim may be filed by any
entity that holds a claim against the debtor for taxes that
become payable to a governmental unit while the case is pending.
Thus, the IRS could have, but did not, file a proof of claim for
the postpetition taxes that have accrued since this case was
filed.

Section 1329(a) provides certain constraints for
modification of a plan after confirmation.  As relevant here, in
order to modify the treatment of a claim under the plan, the
claim must be "provided for by the plan."  Neither party has
addressed whether the original plan as confirmed or the First
Modified Plan as confirmed "provides for" the postpetition claim
of the IRS.  Section 6.02 of the Plan requires the debtor to
comply with applicable non-bankruptcy law.  It states:

> "Debtor's financial and business affairs shall be conducted
> in accordance with applicable non-bankruptcy law including
> the timely filing of tax returns and payment of taxes."

Also, both the original Plan and the First Modified Plan do
provide for payment of unsecured claims entitled to priority
under § 507, including the claim of the IRS and the Employment
Development Department.  However, the fact that they provide for
the prepetition claim does not necessarily mean that they
provide for the postpetition claim.

This conflict is addressed in Lundin's treatise on chapter
13.

1    "Unfortunately, there is little in § 1329(a) to suggest
     that Congress contemplated postconfirmation modification to
2    provide for the payment of postpetition claims.  Once
     again, the use of the words 'provided for' becomes
3    important.  Section 1329(a) states that a confirmed plan
     can be modified to 'increase or reduce the amount of
4    payments on claims of a particular class *provided for* by
     the plan.
5
     If the original plan is silent with respect to postpetition
6    claims, then it cannot be said that postpetition claims are
     a particular class *provided for* by the plan."
7

8    Keith M. Lundin, Chapter 13 Bankruptcy, 3d ed. § 261.1 (2000 &
     Supp. 2004)(footnotes and citations omitted).
9

10       Lundin goes on to say that if a confirmed plan did not

11   specify payment for postpetition claims, then § 1329(a)(2) is no

12   help at modification after confirmation.

13       Also, here the IRS has not filed a proof of claim for

14   postpetition taxes.  Under § 1322(b)(6), a chapter 13 debtor may

15   provide in the plan for the payment of all or any part of any

16   claim allowed under § 1305.  Section 1322(b) is applicable to

17   modifications under § 1329.  As Lundin goes on to state,

18       "If the holder [of a postpetition claim] declines to file a
         proof of claim, most courts hold the postpetition claim is
19       not allowable and cannot be provided for under §
         1322(b)(6).  This interpretation of sections 1305 and
20       1322(b)(6) has inspired many courts to reject
         postconfirmation modification to provide for the payment of
21       postpetition claims when the postpetition claim is not
         allowable under § 1305."  Id.
22

23       A Virginia bankruptcy court held that § 1329 does not

24   permit modification to provide for postconfirmation taxes when

25   the taxing authority declines to file a proof of claim.  Id.; In

26   re Dickey, 64 B.R. 3 (Bankr. E.D. Va. 1985).

27       But there are additional reasons to deny confirmation of

28   the Third Modified Plan.  In order to approve the

1    postconfirmation modification of a plan, the debtor must satisfy

2    his burden of proof that he meets the requirements of § 1325(a),

3    including § 1325(a)(6), that he "will be able to make all

4    payments under the plan and to comply with the plan."  Here, the

5    debtor has failed to meet his burden of proof that the plan is

6    feasible.  The only evidence in support of confirmation of the

7    Third Modified Plan is the debtor's declaration.  That

8    declaration is conclusory.  The debtor simply states that his

9    modified plan "will fund payment" of his priority claims and

10   some of his secured claims.  There is no evidence of what is

11   different now from when the case was filed.  The debtor does

12   state that Amended Schedules I and J show his current income and

13   expenses.  But there is nothing to persuade the court that

14   Schedules I and J are an accurate projection of future income.

15   The debtor has simply not met his burden of proof that the plan

16   is feasible.

17        Additionally, the IRS makes a reasonable argument that a

18   debtor who has accrued over $80,000 in postpetition unpaid tax

19   obligations and who has failed timely to file postpetition tax

20   returns should not be allowed to confirm a Third Modified Plan

21   to deal with the postpetition tax default.  Indeed, the form

22   chapter 13 plan used in this district provides that a debtor

23   with a confirmed plan shall not incur new debt exceeding $1,000

24   without first obtaining court authorization. (Sec. 6.02).  In

25   essence, the debtor here has been financing the operation of his

26   business with an involuntary loan from the taxing authority.

27        For all the reasons set forth above, the debtor's motion to

28   confirm the Third Modified Plan will be denied by separate

7

order.   The motion of the trustee and the motion of the Internal Revenue Service to dismiss the case will be granted; provided however that the debtor shall have seven days from entry of the order accompanying these findings of fact and conclusions of law to convert to chapter 7 if he wishes.

DATED: December 8, 2009.

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         )  ss.
COUNTY OF FRESNO         )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2500 Tulare Street, Suite 2501, Fresno, California, 93721. On December 8, 2009,  I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

David R. Jenkins, Esq.
P. O. Box 1406
Fresno, CA 93716

M. Nelson Enmark
Chapter 13 Trustee
3447 W. Shaw Ave., #A
Fresno, CA 93711

Laurel M. Costen, Esq.
Special Assistant U. S. Attorney
4330 Watt Avenue, Suite 470, SA-2801
Sacramento, CA 95821-7012

I certify (or declare), under penalty of perjury, that the foregoing is true and correct.  Executed on December 8, 2009, at Fresno, California.

_____
Kathy Torres, PLS

9